IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BENJAMIN WHITEMAN, | § | |
| | § | |
| Defendant Below, | § | No. 54, 2025 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 30604628DI (N) |
| | § | |
| Appellee. | § | |

Submitted: June 23, 2025
Decided: August 15, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>ORDER</u>

After consideration of the appellant's opening brief, the State's motion to affirm and to deny the appellant's motion to proceed *in forma pauperis nunc pro tunc*, and the record on appeal, it appears to the Court that:

(1) In 1987, Benjamin Whiteman pleaded guilty to second-degree burglary. The court sentenced him to ten years of imprisonment, suspended after three years for decreasing levels of supervision. In 2024, Whiteman filed a "Motion for Certificate of Appealability," in which he asserted that his burglary conviction was invalid because his counsel and the guilty plea form misled him regarding his right to appeal. A Superior Court Commissioner recommended that the court deny the motion on the grounds that (i) Whiteman lacks standing to challenge the 1987

burglary conviction because he has already completed his sentence, and (ii) even if Whiteman had standing, the motion was subject to summary dismissal under subsections (d) and (i) of Superior Court Rule of Criminal Procedure 61.[1] The Superior Court adopted the Commissioner's report and denied the motion.[2]

(2) Whiteman has appealed to this Court. He argues that his 1987 burglary conviction violated his constitutional rights and therefore was improperly used as a basis for imposing a life sentence under the habitual-offender statute in 1989, after a jury found Whiteman guilty of third-degree unlawful sexual penetration in a separate case.

(3) Whiteman seeks to set aside the 1987 judgment of conviction for burglary. Rule 61 bars him from doing so because he is no longer in custody for that conviction.[3] The only exception to the requirement that a defendant be in custody in order to pursue relief under Rule 61 is when the conviction imposes on the defendant "collateral legal disabilities or burdens."[4] "But this Court has held, consistent with federal case law applying the 'in custody' requirement of the federal

---

[1] *State v. Whiteman*, 2024 WL 4524564 (Del. Super. Ct. Oct. 18, 2024) (Commissioner's Report)

[2] *State v. Whiteman*, 2024 WL 315263 (Del. Super. Ct. Jan. 28, 2025).

[3] *Weber v. State*, 2019 WL 3268813, at *3 (Del. July 19, 2019); *see* DEL. SUPER. CT. R. CRIM. PROC. 61(a)(1) ("This rule governs the procedure on an application by a person in custody under a sentence of this court seeking to set aside the judgment of conviction . . . on the ground that the court lacked jurisdiction or on any other ground that is a sufficient factual and legal basis for a collateral attack upon a criminal conviction . . . .").

[4] *Weber*, 2019 WL 3268813, at *3 (internal quotations omitted).

2

habeas statute, that later use of a conviction as a predicate offense for habitual offender sentencing is not a collateral legal burden for purposes of the 'in custody' requirement of Rule 61."[5] We therefore affirm the Superior Court's denial of Whiteman's motion.

(4) This Court previously has found that Whiteman's untimely, repetitive, and frivolous filings constitute an abuse of the judicial process.[6] The Court enjoined him from proceeding in this Court on any claim related to his 1989 sentence, unless leave to proceed were granted by the Court, and ordered that any request by Whiteman to invoke the Court's appellate or original jurisdiction in any matter concerning his 1989 sentence must be accompanied by a sworn affidavit containing the certifications required by 10 *Del. C.* § 8803(e).[7] The State contends that Whiteman is attempting to challenge his 1989 sentence and asks the Court to retroactively deny Whiteman's motion to proceed *in forma pauperis* in this appeal, based on the injunction.

(5) We agree that the motion to proceed *in forma pauperis* was improvidently granted in this case. Whiteman clearly is attempting to challenge his 1989 sentence.[8] In light of our holding as to the substance of the appeal, however,

---

[5] *Id.*

[6] *Whiteman v. State*, 2017 WL 961804, at *1 (Del. Mar. 10, 2017).

[7] *Id.*

[8] *See, e.g.*, Opening Brief at 4 (stating that his 1989 sentence was based on a "1987 invalid conviction of second degree burglary"); *id.* at 12 (arguing that the 1987 burglary conviction was

3

we find it unnecessary to retroactively deny the motion to proceed *in forma pauperis* at this juncture. But we reiterate our finding that Whiteman's filings constitute an abuse of the judicial process and enjoin Whiteman from proceeding in this Court on any claim related to his 1987 or 1989 convictions or sentences. Any request by Whiteman to invoke the Court's appellate or original jurisdiction in any matter concerning his 1987 or 1989 convictions or sentences must be accompanied by a sworn affidavit containing the certifications required by 10 *Del. C.* § 8803(e).

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED. Whiteman is ENJOINED under 10 *Del. C.* § 8803 and this order from filing a future notice of appeal or extraordinary writ concerning his 1987 or 1989 convictions or sentences.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

improperly used as a predicate offense when life sentence was imposed in 1989 under the habitual-offender statute).

4